## DANIEL MANSFIELD *vs.* JOSHUA CORBIN.

On the trial of an action by the promisee against the maker of a promissory note, which had been given for a debt of the defendant's son, who, at the time of the giving of the same, was of full age, the jury were instructed that the note was without consideration, unless it was given with the knowledge or at the request of the son, or unless, when it was given, the plaintiff did in fact discharge the debt due to him from the son: it was held, that these instructions were insufficient, inasmuch as they precluded the jury from considering all evidence of any other ground of consideration for the note.

THIS was an action of assumpsit upon a promissory note. At the trial, which was before *Merrick*, J., in the court of common pleas, the defendant contended, among other things, that the note was without consideration, inasmuch as it was given by the defendant for a debt of his son, Joshua Corbin, jr., who, at the time of the contracting of the debt, was of full age.

The court instructed the jury, that if the note in suit was given for the debt of the defendant's son, it was without consideration, unless it was given with the knowledge, or at the request of the son, or unless, when it was given, the plaintiff did, in fact, discharge the debt due to him from the son.

The jury, under these instructions, returned a verdict for the defendant, and the plaintiff thereupon alleged exceptions.

*B. F. Thomas*, and *E. Rogers*, for the plaintiff, contended, that the instructions were insufficient, inasmuch as there were many cases, besides those enumerated in the instructions, in which there would be a good consideration for

the note, as, for example, forbearance to sue, or payment or security for the debt of a third person.

*B. D. Hyde,* and *H. D. Stone,* for the defendant, argued, that as it did not appear, from the bill of exceptions, that there was any evidence in the case, tending to show a forbearance to sue by the plaintiff, or to prove any other ground of consideration, than those to which the instructions expressly referred, it could not be said, that any further instructions were necessary, or would have been proper. The presumption was, that the jury were instructed as to every point, which the evidence tended to prove.

WILDE, J. It appears to the court, that the instructions to the jury in this case were too restrictive. The action is assumpsit on a promissory note, given by the defendant, for a debt due to the plaintiff from the defendant's son, he being of full age. The jury were instructed, that if the note was given for the debt of the defendant's son, it was without consideration, unless it was given with the knowledge, or at the request, of the son, or unless, when the note was given, the plaintiff did in fact discharge the debt due to him from the son. These instructions excluded from the consideration of the jury any evidence of a discharge of the debt afterwards, or of a promise to discharge it, or of a promise to delay to prosecute, or an actual delay ; either of which, if proved, would be a sufficient consideration. Indeed, the slightest consideration would be sufficient. It is said, that it does not appear that any such evidence was given, there being no report of the evidence ; and in this respect the report is defective. But, from the instructions, we think it may be inferred, that they were intended to limit and restrict the evidence in the case as stated. It is not asserted by the defendant's counsel, that there was not, in fact, any evidence of the plaintiff's forbearance to sue the son, or of his receiving the note in discharge or payment of the debt. Under these circumstances, we think a new trial ought to be granted, although the case is brought up in a very defective form.

*Exceptions sustained*